UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARTCORN PLUMBING AND HEATING, INC.
and LONG ISLAND AND NEW YORK
MECHANICAL CONTRACTORS ASSOC., INC,

                      Plaintiffs

                                                           **ORDER**
-against-                                                  18-CV-218 (DRH)

THE TOWN OF OYSTER BAY,

                      Defendant.
------------------------------------------------------------X

      Presently before the Court is Plaintiff's motion, dated August 18, 2020, to convert the preliminary injunction issued against defendant, the Town of Oyster Bay (the "Town") on February 7, 2018 to a "permanent injunction and dispose of this case." (DE 38.) A hearing was held on the matter on August 24, 2020. For the reasons set forth below, the motion is granted.

**Background**

      Plaintiffs commenced this action challenging Town of Oyster Bay Code § 93-16.3 which requires that any and every contractor performing work in the Town for which a permit is required, must "be a participant in good standing of a qualified apprenticeship program that is registered with and approved by the New York State Department of Labor . . . [and] that they, or their sponsor, graduated at least one apprentice from a New York State or United States Department of Labor approved and registered Class "A" apprenticeship program, in the trade and/or job title necessary for said construction project, within the 24 months immediately preceding application for building permit, and at least one apprentice currently registered in a New York State or United States Department of Labor approved and registered Class "A"

apprentice program, as evidenced by a New York State Department of Labor approved Form AT-401 certificate or similar certificate."

Finding that New York Labor Law § 816-b only authorized the imposition of such conditions where "a governmental entity . . . is to be a direct or indirect party to [a construction] contract", this Court preliminary enjoined the Town, "its officers, employees, and agents . . . from enforcing Town of Oyster Bay Town Code § 93-16.3 with respect to any construction contract as to which the Town of Oyster Bay is not a 'direct or indirect party to [the] contract.'" (DE 18 (quoting N.Y. Labor Law 816-b) (alteration in original).

**Entry of a Permanent Injunction**

"The party requesting permanent injunctive relief must demonstrate (1) irreparable harm (here, a constitutional violation) and (2) actual success on the merits." *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012). "Thus, the standard for a permanent injunction is essentially the same as for a preliminary injunction, the difference being that the plaintiff must show actual success rather than a likelihood of success." *American Freedom Defense Initiative v. Metro. Transp. Auth.*, 889 F. Supp. 2d 606, 611 (S.D.N.Y. 2012) (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n. 12 (1987)). Here, the propriety of Code § 93-16.3 presents a question of law as to whether that section as presently written comports with N.Y. Labor Law 816-b.[1] The Court has already held that it does not. Thus, plaintiffs have demonstrated actual success on the merits. Under these circumstances, it is appropriate to convert the preliminary injunction to a permanent one. *See American Freedom*, 889 F. Supp. 2d at 611; *Bronx Household of Faith v. Bd. of Educ. of City of N.Y.*, 400 F. Supp. 2d 581, 589–90 (S.D.N.Y. 2005), *vacated*

---

[1] At the conference held on August 24, 2020, the parties were asked whether they wished to submit additional evidence and both parties declined.

*on other grounds*, 492 F.3d 89 (2d Cir. 2007) (converting preliminary injunction to permanent injunction where record is substantially the same at each stage).

**Disposition of the Case**

In both their letter application and at the hearing held thereon, plaintiffs informed the Court that they wish to dismiss the other claims they have asserted in this action. Defendants do not oppose that request. Accordingly, all other claims asserted by Plaintiffs are dismissed and the permanent injunction will be in the form of a final judgment.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　  s/ Denis R. Hurley
　　　　September 29, 2020　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge